J-A22043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHAD HOAGLAND | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| REBECCA KEPLEY | : | |
| | : | |
| Appellee | : | No. 633 MDA 2021 |

Appeal from the Order Entered April 27, 2021
In the Court of Common Pleas of Berks County
Civil Division at No(s):  19-12489

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:                **FILED: NOVEMBER 5, 2021**

Appellant, Chad Hoagland ("Father") appeals from the order entered in the Berks County Court of Common Pleas, which awarded Appellee, Rebecca Kepley ("Mother") primary custody of the parties' minor child ("Child").  We affirm.

The relevant facts and procedural history of this appeal are as follows. Mother and Father are the parents of Child, who was born in 2017.  On June 3, 2019, Father filed a complaint seeking shared physical and legal custody of Child.  On September 17, 2019, the trial court awarded shared legal custody and primary physical custody to Mother.  Father received partial physical custody of Child with overnights on alternating weekends, two afternoons on the first week, and one afternoon the next week.

Father filed a custody modification petition on August 17, 2020, which

requested 50/50 shared physical custody of Child. On April 22, 2021, the court held a custody hearing. At the hearing, Mother testified that she lives with her boyfriend, Michael Kahn, and their son. During the week, Mother works from 8:00 a.m. to 5:00 p.m. Before she goes to work, Mother drops off Child at her parents' house. Maternal Grandmother watches Child until around 2:40 p.m., when she returns Child to Mother's house. Mr. Kahn watches Child until Mother comes home from work or Father comes to pick Child up. Mother, Mr. Kahn, and Maternal Grandparents testified that Child has a good relationship with all of them and does well in their care. Child is close to Mother's extended family, including Maternal Grandparents, Mother's grandmother, and Mother's sisters and their children.

Father testified that he lives with his wife ("Stepmother"), who is pregnant with their child. During the week, Father and Stepmother work from 6:00 a.m. to 2:30 p.m. If awarded shared physical custody, Father planned to have Stepmother's mother come to the house in the morning to get Child ready and drop her off at daycare and/or preschool. Father testified that Child has a good relationship with Father's grandparents whom they often visit during the weekends. Father and Stepmother also testified that Child is close with Stepmother's brother's three children.

All witnesses testified that there is consistent conflict between Father and Mr. Kahn. Mother, Mr. Kahn, and Maternal Grandparents testified that Father is verbally abusive toward them during exchanges. Conversely, Father

and Stepmother testified that Mother and Mr. Kahn often berate Father while Child is present during exchanges. Due to the ongoing conflict, Mother changed her lunch schedule so that she can be home at 3:30 p.m. when Father comes to pick up Child.

On April 27, 2021, the court entered an order granting primary physical custody to Mother and partial physical custody to Father on alternating weekends, Tuesday and Thursday evenings on the first week, and Wednesday evenings the next week. This order largely maintained the same schedule as the prior order, with the addition of the directive that Mr. Kahn may not be present at any exchanges. On May 24, 2021, Father timely filed a notice of appeal. Father filed a concise statement of errors on June 2, 2021.[1]

Father raises the following issue for our review:

> Did the trial court abuse its discretion by awarding Appellee, Mother, primary physical custody contrary to the evidence of record and to the trial court's actual findings?

(Father's Brief at 1).

On appeal, Father claims that the trial court's decision is contrary to the evidence and findings of fact. Father contends that the court found that both Mother and Father are capable parents who love Child. Father emphasizes

---

[1] In children's fast track cases, the appellant shall file the concise statement of errors contemporaneously with the notice of appeal. **See** Pa.R.A.P. 1925(a)(2)(i). Nevertheless, we decline to quash or dismiss the appeal for this error. **See In re K.T.E.L.**, 983 A.2d 745 (Pa.Super. 2009) (explaining failure to file Rule 1925 statement contemporaneously with notice of appeal in children's fast track case will result in defective notice of appeal; disposition of defective notice of appeal will be decided on case-by-case basis).

- 3 -

the court's determination that none of the sixteen statutory custody factors favored either parent. In light of that finding, Father concludes that the court's decision to award Mother primary physical custody is manifestly unreasonable and unsupported by the record. We disagree.

In reviewing a child custody order:

> [O]ur scope is of the broadest type and our standard is abuse of discretion. This Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*S.J.S. v. M.J.S.*, 76 A.3d 541, 547-48 (Pa.Super. 2013) (internal citation omitted).

> With any child custody case, the paramount concern is the best interests of the child. This standard requires a case-by-case assessment of all the factors that may legitimately affect the physical, intellectual, moral and spiritual well-being of the child.

*M.J.M. v. M.L.G.*, 63 A.3d 331, 334 (Pa.Super. 2013), *appeal denied*, 620 Pa. 710, 68 A.3d 909 (2013) (quoting *J.R.M. v. J.E.A.*, 33 A.3d 647, 650 (Pa.Super. 2011)).

The Child Custody Act provides:

## § 5328.  Factors to consider when awarding custody

**(a)**      **Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1)    Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2)    The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3)    The parental duties performed by each party on behalf of the child.

(4)    The need for stability and continuity in the child's education, family life and community life.

(5)    The availability of extended family.

(6)    The child's sibling relationships.

(7)    The well-reasoned preference of the child, based on the child's maturity and judgment.

(8)    The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9)    Which party is more likely to maintain

a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

Instantly, the trial court considered all the custody factors and determined that none of the factors directly favored either parent. (*See* Trial Court Opinion, filed April 27, 2021, at 2-5). Despite this finding, the court ultimately elected to weigh certain factors in favor of Mother. For example, the court found that Mother has a substantial support network in her extended family. (*See id.* at 1). Child is routinely in Maternal Grandmother's care while

Mother is working. Specifically, the court noted that "Maternal [G]randmother testified convincingly that her relationship with [Child] is very positive and [Child] does well in her care." *Id.* The court noted that although Father can rely on Stepmother's extended family to help care for Child, he has much less support in this area than Mother. *See* 23 Pa.C.S.A. § 5328(a)(5). Although Father testified that Stepmother's mother is available to care for Child, there was no evidence of record that Father had previously utilized Stepmother's mother in this capacity. Likewise, there was no evidence of record of the nature and extent of Child's relationship with Stepmother's mother.

Further, the court's order maintains the custody schedule to which Child has grown accustomed. This allows Child to continue established routines and day-to-day patterns, promoting stability and continuity in her life. *See* 23 Pa.C.S.A. § 5328(a)(4). Thus, we cannot say that the trial court's decision was unreasonable in light of the findings of fact and evidence of record. *See* *S.J.S., supra*. Accordingly, we affirm the order granting Mother primary physical custody of Child.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/2021